**Opinion filed October 11, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00157-CR

_____

## DANNY RAY McCLAIN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13929M**

## M E M O R A N D U M   O P I N I O N

Danny Ray McClain[1] pleaded guilty in May 2009 to the lesser included offense of engaging in organized crime/conspiracy to deliver a controlled substance, to-wit: methamphetamine, in an amount between four and two hundred grams. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of eight years. In April 2012, the State filed a motion to proceed with an adjudication of

_____

[1]Appellant's last name is spelled "McClain" in the indictment. However, his last name is spelled "McLain" in the remaining documents in the clerk's record, including the Order of Deferred Adjudication, the Judgment Adjudicating Guilt, and the Trial Court's Certification of Defendant's Right of Appeal. Additionally, appellant spelled his last name as "McLain" on the court documents bearing his signature.

guilt, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on May 16, 2012. Appellant admitted to one of the alleged violations during the hearing. The trial court found most of the alleged violations to be true, adjudicated appellant guilty of the charged offense, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years and a fine of $1,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[2] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

---

[2]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


October 11, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill.[4]

---

[3]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[4]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.